**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

       Plaintiff,

-against-

APPROXIMATELY 13.98 MILLION USDT,

       Defendant.

Civil Action No. 25-cv-3943 (ABJ)

**ANSWER OF CLAIMANT HUOBI GLOBAL S.A. TO**
**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW Claimant Huobi Global S.A. ("Claimant"), by and through its undersigned counsel, and hereby answers the Verified Complaint filed by the Plaintiff, United States of America, as follows:

**I.      PRELIMINARY STATEMENT**

Claimant has previously, timely filed a Verified Claim in accordance with Supplemental Rule G(5)(a), asserting its interest in the Defendant assets *in rem* ("Defendant Property"), which are described in the Verified Complaint for Forfeiture ("Verified Complaint"), as follows:

| Compl. ¶13 | Address | USDT Balance | Compl. ¶ |
|---|---|---|---|
| a | TLq5jP2J2ebYghCX1mXP9gcFRfjPbcrfZs | 84,034.68375 | 70 |
| b | TRkJ39s58grMSMqFN8YgToMxcaj95ENFxf | 380,958.41 | 70 |
| c | TDqroZaFsjWXhefyMqXthS2rvxzmWnavNZ | 290,781.6479 | 70 |
| d | TBo6abebYprVVWABcXbpbgtgGRtmeRSrdz | 421,866.4815 | 70 |
| e | TU4oX4BcjgfjQUFuKAC27rKzYvqS5hNyKH | 251,187.3208 | 70 |
| f | TDzh3ss71yCVCdKqcuQjvgaguVkJtmWSFh | 332,905.0076 | 70 |
| g | TEcpUeeiVqxmUujg2s5SAtFxkdN6P9bVB1 | 321,720.7763 | 70 |
| h | TSSs4zyjdQM6L7a6v1umWmng3zzwzquSq8 | 263,097.5426 | 70 |
| i | TEZuPBkVcNyci5WM3zrzoqX6ho4hMXgnJ6 | 273,487.1625 | 70 |
| j | TNBWvFHbBDjd2JzPqwSPywh8rv1C4LXjdM | 296,062.4828 | 70 |
| k | TQPQT3im4NW6MGZSQwJBXA2S6Yj2saSBSy | 314,958.1253 | 70 |
| l | THSBNYfGL9ja7b5xU98f8ofU2iy2gXPjSN | 357,622.497 | 70 |

| Compl. ¶13 | Address | USDT Balance | Compl. ¶ |
|---|---|---|---|
| m | TTi46bHBvmkgc8NcHLfLB2587XF7GfZFQs | 316,238.6399 | 70 |
| n | TK6vKMXpG6Fsrt462Nahgzg8RuzLfemnRX | 339,919.0635 | 70 |
| o | TZ8Rni5ixMx6SKVFY4Qz7QdZYnbtRuGCVR | 262,350.6675 | 70 |
| p | TXwggJm8GMcbew9J6A5myt8Gi5dxM9j8ia | 277,324.7615 | 70 |
| q | TQ48GtajcAVJmohSBvJ4rvC9oVNZuWz57q | 108,495.3847 | 70 |
| r | TC6WxrikcxBQVN2vpChGwbJP9QEAPp7CoR | 365,776.2585 | 70 |
| t | TByiFBGTx83ptNhLiFcQJQxtnG66hs4GY3 | 350,261.9415 | 70 |
| u | TKvUXiHow912c8HPCpwrrdoz4z47NWwL9D | 334,052.6693 | 70 |
| v | TDmBm5zUSiupoV71MXUittZqReN3h85nJc | 341,730.2671 | 70 |
| w | TN7iF7MgBSBNYFr38b3jYiCUEbREJAiWjz | 304,527.7306 | 70 |
| x | TNSn4yJoR96ZruiEWPUFLxLa1k73bVpkEh | 309,727.8048 | 70 |
| x | TG9ZAev1Q4335uM6Gwm5df9eFUFz8e6Xgo | 293,377.3125 | 70 |
| y | TMYtjT2aGUtY16WKF1bkh4ssjoKFKiznqw | 264,039.3413 | 70 |
| z | TLv2pzHZaHyY8k5nWfCE6cGGkLwdQCi3Dg | 302,626.2323 | 70 |
| aa | TLDwBfJBRptX5nFh4rCbvhkhT5cGWbHfKR | 258,569.55 | 70 |
| bb | TWYCvyCmhikaVpKx6Zf3nGWUjYbVhSGQK5 | 272,988.7088 | 70 |
| cc | TRxz3DY9ELAoFSZyf4CuaLyEHhGYmQ8b2w | 265,234.8697 | 70 |
| dd | TTPjk6tJjHPWNxLwEGE4ZW8ADqGsd95zvc | 273,368.621 | 70 |
| ee | TA9bzquWzBRKgjTPJ5gbWMWv86rYqc2yZj | 258,710.773 | 70 |
| ff | TDh6QVjBaYF5kdN2qrREKydArESsG12N9h | 298,349.8531 | 70 |
| gg | TMunHrvu7UCM8Ro6c968SPwRx9EdLDnHW5 | 307,996.576 | 70 |
| hh | TPjsHN4KRdaWYvUbVdMUuAeL6k7qLpTTxW | 341,073.8958 | 70 |
| ii | TAZ6yaCrxvyVED6634GKXPntR7v6aBn7Rb | 357,821.4017 | 70 |
| jj | TLVSDypgdtRTd1yuGNquCLMoDhgkVrCgmo | 343,898.2968 | 70 |
| kk | THhic3agJ4544GuJUhuEj7bisxriYfkjb8 | 350,460.8444 | 70 |
| ll | TTbgnFEFEmicu1eXN3bvuE8fKbdx3di8Yb | 332850.915953 | 58 |
| mm | TLivG1x3R7Wgjha1w7Xgz2XWcWRV82yK8c | 329992.67865 | 58 |
| nn | TW6swH66FMUMgjxHHSUUy1qDKrXZxprAKV | 300333.687 | 58 |
| oo | TXKPga6EH25mexfQ7BMFGbVfGwz1rvqXVK | 295697.504896 | 58 |
| pp | TDskBcHHaFYSJz3QuKBSd5Q9ZxEc8dPzyH | 294582.65558 | 58 |
| qq | TXJeZYLn2Vr7DUwvrqceo5VRQ8b9EucxLn | 285412.18378 | 58 |
| rr | TWr1G47DtfvPZ1QAH3RgV9c6SkSSe8a9hS | 273021.82031 | 58 |
| ss | TKdBozGxEFNZoAwX3rYB9gsZ373jQAYgkm | 268792.09259 | 58 |
| tt | TCxCHCndDkz2xNAaYibienjLaS8eZASaXu | 258070.89625 | 58 |
| uu | TVFhKSygmJA1Qu7hrC4eavg8Esp9AoH2pu | 254593.06507 | 58 |
| | **Total** | **13,980,951.10343** | |

Although Plaintiff stipulated that no answer was necessary from Claimant in light of its established sole right and interest in Defendant Property (ECF No. 13), because others filed competing claims and opposed the stipulation, Claimant feels compelled to file this otherwise

unnecessary answer to ensure Claimant's rights are preserved.  Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the Verified Complaint and any associated footnotes.  To the extent the paragraphs in the Verified Complaint are grouped under headings and sub-headings, Claimant responds generally that such headings and sub-headings, to the extent repeated below, may state legal conclusions as to which no response is required.  Likewise, any allegations contained in the Verified Complaint that state a legal conclusion do not require a response.  Claimant reserves the right to revise, amend, or supplement these responses as the facts may develop or circumstances may warrant.

Subject to the foregoing, pursuant to Supplemental Rule G(5)(b), Claimant answers the Verified Complaint as follows:

## II.    RESPONSES TO ALLEGATIONS OF THE VERIFIED COMPLAINT

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Claimant admits that Plaintiff brought this action as stated in the preamble to the Verified Complaint and the description of USDT contained in footnote 1.

### JURISDISICTION AND VENUE

1.      Claimant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).  This paragraph otherwise contains legal conclusions to which no further response is required.

2.      Claimant admits that venue is proper in this District pursuant to 18 U.S.C. § 3238. This paragraph otherwise contains legal conclusions to which no further response is required.

### NATURE OF THE ACTION AND STATUTORY BASIS FOR FORFEITURE

3.      Claimant admits that this is an *in rem* forfeiture action commenced under the cited

3

statutes.  This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

4.    Claimant acknowledges the procedural framework described, including Supplemental Rule G and applicable provisions of 18 U.S.C. §§ 981 and 983.  This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

5.    Claimant acknowledges the provisions of 18 U.S.C. § 981(a)(1)(A) as described. This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

6.    Claimant acknowledges the provisions of 18 U.S.C. § 981(a)(1)(C) as described. This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

7.    Claimant acknowledges the provisions of 18 U.S.C. § 1030(a)(2) and § 1030(a)(4) and the definition of "protected computer" as described.  This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

8.    Claimant acknowledges the provisions of 18 U.S.C. § 1343 as described.  This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

9.    Claimant acknowledges the provisions of 18 U.S.C. § 1349 as described.  This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

10.    Claimant acknowledges the provisions of 18 U.S.C. § 1956(a)(1)(A)(i) as

described.   This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

11.     Claimant acknowledges the provisions of  18 U.S.C. § 1956(a)(1)(B)(i)   as described.   This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

12.     Claimant acknowledges the provisions of 18 U.S.C. § 1956(h) as described. This paragraph otherwise recites statutory language, which speaks for itself, and contains legal conclusions to which no further response is required.

## PROPERTY INFORMATION

13.     Claimant admits that the Defendant Property is virtual currency lawfully seized by the Federal Bureau of Investigation ("FBI") pursuant to case number 25-sz-33 and transferred to the custody of the United States Marshals Service.  Claimant further admits that the Defendant Property consists of USDT associated with the listed "Target Addresses," and that Tether froze, burned, and reissued the equivalent USDT to the U.S. government in response to law enforcement's request and seizure warrant.  Claimant's admissions are made consistent with its Verified Claim and without waiver of any rights or claims to the Defendant Property, including as against other claimants.

## BACKGROUND REGARDING THE FBI'S INEVESTIGATION INTO NORTH KOREAN CYBER ACTORS

14.     Admit.

15.     Admit.

16.     Claimant admits that the Defendant Property is traceable to the November 2023 HTX heist, consistent with Plaintiff's tracing, and that recovery of such assets should be used to compensate the victim of the heist.  This admission is made without waiver of any rights, claims,

or defenses, including priority and entitlement as against other claimants.

## BACKGROUND RELATED TO VIRTUAL CURRENCY

17.    Admit.

18.    Admit.

19.    Claimant admits the description of Tether's ability to freeze, burn, and reissue USDT associated with particular virtual currency addresses, and further admits that in this case Tether lawfully executed those actions at the request of U.S. law enforcement pursuant to seizure warrant 25-sz-33, resulting in the Defendant Property claimed by Claimant.  This admission is consistent with Claimant's Verified Claim and is made without waiver of any rights, claims, or defenses, including priority and entitlement as against other claimants.

20.    Admit

21.    Admit.

22.    Admit.

23.    Admit.

24.    Admit.

25.    Admit.

26.    Admit.

27.    Claimant admits the description of virtual currency exchanges (VCEs), including centralized and decentralized exchanges and their wallet functions.  This admission is made solely as to the accuracy of these definitions and without waiver of any rights, claims, or defenses.  This paragraph otherwise contains legal conclusions to which no further response is required.

28.    Admit.

6

29.     Admit.

30.     Admit.

## BACKGROUND REGARDING THE HTX HEIST AND LAW ENFORCEMENT'S ATTRIBUTION OF THE HEIST TO NORTH KOREA

31.     Admit.

32.     Admit.

## OVERVIEW REGARDING THE FBI'S EFFORTS TO TRACE FUNDS FROM THE HTX HEIST TO THE TARGET ADDRESSES

33.     Admit.

34.     Admit.

35.     Admit.

36.     Admit.

37.     Admit.

38.     Admit.

## ADDITIONAL DETAILS REGARDING FBI'S BLOCKCHAIN TRACING FROM HTX'S WALLETS TO THE TARGET ADDRESSES

39.     Admit.

40.     Admit.

41.     Admit.

42.     Admit.

43.     Admit.

44.     Admit.

45.     Admit.

46.     Admit.

47.     Admit.

48.     Admit.

49.     Admit.

50.     Admit.

51.     Admit.

52.     Admit.

53.     Admit.

54.     Admit.

55.     Admit.

56.     Admit.

57.     Based on information and belief, admit.

58.     Based on information and belief, admit.

59.     Based on information and belief, admit.

60.     Based on information and belief, admit.

61.     Based on information and belief, admit.

62.     Based on information and belief, admit.

63.     Based on information and belief, admit.

64.     Based on information and belief, admit.

65.     Admit.

66.     Admit.

67.     Admit.

68.     Admit.

69.     Based on information and belief, admit.

70.     Admit.

71.     Admit.

**SEIZURE OF THE DEFENDANT PROPERTY**

72. Admit.

73. Admit.

**COUNT ONE – FORFEITURE OF DEFENDANT PROPERTY**

74. Claimant admits that paragraphs 1 through 72 [*sic*], and paragraph 73, are incorporated by reference into Count One and re-alleges and incorporates its prior responses to those paragraphs.

75. Admit.

76. Admit.

**COUNT TWO – FORFEITURE OF DEFENDANT PROPERTY**

77. Claimant admits that paragraphs 1 through 72 [*sic*], and paragraph 73, are incorporated by reference into Count Two and re-alleges and incorporates its prior responses to those paragraphs.

78. Admit.

79. Admit.

**PRAYER FOR RELIEF**

80. Claimant does not oppose Plaintiff's request for notice to issue and for forfeiture to be decreed in accordance with applicable law, subject to resolution of Claimant's ownership and entitlement to the Defendant Property as the victim from which the Defendant Property was stolen. Claimant expressly reserves all rights, claims, and defenses, including entitlement and priority as against other claimants.

**AFFIRMATIVE DEFENSES**

1. Claimant is an innocent owner within the meaning of 18 U.S.C. § 983(d), having

held lawful ownership and control of the Defendant Property prior to its theft in the November 2023 HTX/HECO Bridge cyberattack.

2. The forfeiture of Claimant's property would violate the Excessive Fines clause of the Eighth Amendment.

3. The Defendant Property is directly traceable to Claimant's stolen reserves and lacks a sufficient nexus to any forfeitable offense committed by Claimant; it is not proceeds of unlawful activity by Claimant.

4. At all relevant times, Claimant held a superior legal interest in the Defendant Property under 18 U.S.C. § 983(d)(2)(A) and applicable property law, defeating any competing claim.

5. The Verified Complaint fails to state a claim for forfeiture against Claimant's interest where Claimant was the victim of the theft and engaged in no proscribed conduct.

6. Forfeiture of legitimately owned property without wrongdoing by Claimant would violate Claimant's rights under the Fifth Amendment Due Process Clause.

7. Any forfeiture of Claimant's rightful property without just compensation would constitute an unconstitutional taking under the Fifth Amendment.

8. Claimant invokes all procedural protections under 18 U.S.C. § 983, including the Government's burden of proof, statutory notice provisions, and relief from prejudicial delay.

9. Claimant asserts defenses including estoppel and unclean hands against competing claimants attempting to attach assets with no factual nexus to their judgments.

10. The reissued USDT constituting the Defendant Property was lawfully created and transferred to the United States pursuant to seizure warrant authority, negating any alleged DPRK ownership; and thus it is not a "blocked asset" of a terrorist party.

10

11.     The Defendant Property is not the property of a terrorist party within the meaning of applicable terrorism-judgment statutes, and no lien or attachment under those statutes can prevail over Claimant's claim.

12.     Claimant reserves the right to plead additional defenses which may become known or available during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good-faith reliance upon either the Verified Complaint or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Respectfully submitted,

Date:  February 23, 2026          By:    /s/ Ryan Sellinger
                                         Ryan Sellinger (DC Bar No. 1045230)
                                         FENWICK & WEST LLP
                                         1155 F Street NW, 12th Floor
                                         Washington, DC 20004
                                         Phone: (202) 970-3062
                                         Email: rsellinger@fenwick.com

                                         Jennifer C. Bretan*
                                         FENWICK & WEST LLP
                                         One Front Street, 33rd Floor
                                         San Francisco, CA 94104
                                         Phone: (415) 875-2412
                                         Email: jbretan@fenwick.com

                                         David Feder*
                                         FENWICK & WEST LLP
                                         902 Broadway, 18th Floor
                                         New York, NY 10010
                                         Phone: (212) 430-2790
                                         Email: dfeder@fenwick.com

                                         * *Pro Hac Vice* Pending

                                         *Attorneys for Claimant Huobi Global S.A.*

11