**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 25-CV-3943 |
| APPROXIMATELY 13.98 MILLION USDT, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant in rem, | ) |
| | ) |
| HAN KIM and YONG SEOK KIM, | ) |
| | ) |
| Claimants. | ) |
| | ) |

**ANSWER OF HAN KIM AND YONG SEOK KIM**

1.      Claimants Han Kim and Yong Seok Kim (the Kims) do not challenge subject matter or *in rem* jurisdiction in this case. This paragraph otherwise contains legal conclusions to which a response is not required.

2.      The Kims do not challenge venue in this case.

3.      No response is required, or, in the alternative, admit.

4.      No response is required, or, in the alternative, admit.

5.      No response is required, or, in the alternative, admit.

6.      No response is required, or, in the alternative, admit.

7.      No response is required, or, in the alternative, admit.

8.      No response is required, or, in the alternative, admit.

9.      No response is required, or, in the alternative, admit.

10.     No response is required, or, in the alternative, admit.

11.     No response is required, or, in the alternative, admit.

12.     No response is required, or, in the alternative, admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit in part. The Defendant Property is traceable in part to the HTX heist. The Kims do not know why the United States seeks to forfeit the Defendant Property and so cannot admit or deny the rest of this paragraph.

17.     Admit.

18.     Admit.

1

19.    Admit.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Admit.

24.    Admit.

25.    Admit.

26.    Admit.

27.    Admit.

28.    Admit.

29.    Admit.

30.    Admit.

31.    Admit.

32.    Admit.

33.    Admit.

34.    Admit.

35.    Admit.

36.    Admit.

37.    Admit.

38.    Admit.

39.    Admit.

40.    Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit.

57. Admit.

58. Admit.

59. Admit.

60. Admit.

61. Admit.

62. Admit.

63.    Admit.

64.    Admit.

65.    Admit.

66.    Admit.

67.    Admit.

68.    Admit.

69.    Admit.

70.    Admit.

71.    Admit.

72.    Admit.

73.    Admit.

74.    The Kims incorporate their prior answers in response to these incorporated allegations.

75.    Admit.

76.    Deny. The Kims' affirmative defense is that their TRIA-covered lien requires dismissal of the government's forfeiture case.

77.    The Kims incorporate their prior answers in response to these incorporated allegations.

78.    Admit.

79.    Deny. The Kims' affirmative defense is that their TRIA-covered lien requires dismissal of the government's forfeiture case.

80.    No response is required.

4

## Affirmative Defenses

81.    This Forfeiture Action fails and the Defendant Property should be awarded to the Kims because, under the Terrorism Risk Insurance Act, as interpreted by the United States Court of Appeals for the D.C. Circuit in *Estate of Levin v. Wells Fargo Bank, N.A. ("Levin II")*, where, as here, a state sponsor of terrorism obtains property through crime and that property is "blocked" under the International Emergency Economic Powers Act, the liens of judgment creditors who, like the Kims, hold terrorism-related judgments defeat the Government's claim to forfeiture because the Terrorism Risk Insurance Act "subject[]s to execution" the blocked assets of a terrorist party "notwithstanding any other provision of law." 156 F.4th 632, 638 (D.C. Cir. 2025).

## Prayer for Relief

82.    The Kims respectfully request that the Court dismiss the Complaint, maintain jurisdiction over Defendant Property, and award it to the Kims, as explained in the Motion for Judgment on the Pleadings filed concurrently with this Answer.

83.    The Kims also respectfully request that the Court award the Kims attorney's fees and costs, pre- and post-judgment interest, and all other relief to which the Kims are entitled by statute or rule.


Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP


5

1629 Columbia Road NW, Suite 302
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for Claimants Han Kim and Yong Seok Kim*

6