UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES

      Plaintiff,

  v.

APPROXIMATELY 13.98 Million USDT,

      Defendant <u>In</u> <u>Rem</u>.

Civ. No. 25-3943 (ABJ)

## <u>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Plaintiff submits this notice of supplemental authority to inform the Court of the decision in <u>United States v. Gutierrez-Ochoa</u>, 2026 WL 1157964 (D.D.C. Apr. 29, 2026). Citing authority of the United States Supreme Court and the D.C. Circuit, Judge Howell held that the relation back doctrine and corresponding statutes "which applies in civil and criminal forfeiture provisions is squarely governed by the Supreme Court's holding that whenever a statute enacts that upon a commission of a certain act specific property used in or connected with an act shall be forfeited, the forfeiture takes effect immediately upon commission of the act." <u>Id.</u> at *10 (cites omitted). After a substantial review of the Terrorism Risk Insurance Act (TRIA) particularly in relation to forfeiture, Judge Howell held that a seizure of property conducted pursuant to Titles 18 and 21 are not at all "blocked assets" for the purposes of TRIA, especially "because the forfeiture statutes appear nowhere in the definition of 'blocked assets' and the record did not support that the property was "ever frozen in any manner . . . by operation of an 'OFAC' blocking order." <u>Id.</u> at *11-16. Judge Howell further held that even if TRIA applied, and it did not, the TRIA claimant could not satisfy the superior interest or bona fide purchaser for fair market value statutory requirements, because: 1) TRIA cannot serve as a basis for a legal interest in the property; 2) the claimant neither

had a superior prior, contemporaneous, or posterior interest relative to the United States in the context of the law of relation back; and 3) claimant's only interest at the time of the offense was an unexecuted judgment and an in personam judgment that did not create any interest in the particular property.  Id. at *16-17.

These holdings are applicable in the case at bar. Moreover, these holdings embody the essence of the positions already advanced by the United States in the instant litigation in the motion to strike previously submitted on March 13, 2026, one and one-half month before Judge Howell's opinion. As also set forth in the motion to strike, the criminal forfeiture provisions are parallel to the civil forfeiture provisions in the instant litigation. Finally, unlike the government's briefing of standing in Gutierrez-Ochoa, which Judge Howell found "fudged," the United States in the instant litigation has precisely delineated the strands of standing to include the doctrine of prudential standing, and in an effort to gain greater clarity and precision in the caselaw has offered a new nomenclature: constitutional standing; procedural statutory standing, and substantive statutory standing (recast from the doctrine of prudential standing from the zone of interests sought to be protected by the statute).

Dated: May 29, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: *S/ Jafer Aftab*
    JAFER AFTAB
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2525

*Attorneys for the United States of America*